Exhibit D

## ZEICHNER ELLMAN & KRAUSE LLP

**575 LEXINGTON AVENUE**
**NEW YORK, NEW YORK 10022**
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

**35 MASON STREET**
**GREENWICH, CT 06830**
(203) 622-0900
FAX: (203) 862-9889

—————

**103 EISENHOWER PARKWAY**
**ROSELAND, NJ 07068**
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5348
agiacobbe@zeklaw.com

January 23, 2007

**BY FACSIMILE AND REGULAR MAIL**

Rob Bonanno, Esq.
GrayRobinson, P.A.
201 N. Franklin Street
Suite 2200
Tampa, Florida 33602

**Facsimile No.: (813) 273-5145**

> **Arbitration between Crum Staffing Inc. et al ("Crum")**
> **and National Union Fire Insurance Company of Pittsburgh, Pa.**
> **and Its Related Companies ("National Union")**

Dear Mr. Bonanno:

Your email of Tuesday, January 23, 2007, 10:44 a.m. to Christopher Sacco, Esq. at Carlton Fields, P.A. has been forwarded to us to respond.

Please understand that Zeichner Ellman & Krause LLP will be acting as counsel for National Union in this Arbitration. Accordingly, please forward all communications to me.

The March 31, 2005 Payment Agreement (the "Agreement") pursuant to which the court ordered this Arbitration to proceed, does not provide for the American Arbitration Association ("AAA") to participate. An AAA filing would trigger substantial fees even though there is no basis for AAA participation. Moreover, AAA publishes rules, and AAA rules do not govern this Arbitration.

Rather, the Agreement has a heading "Arbitration Procedures." Please follow these procedures in the Agreement as written. These procedures include that "you must notify us in writing as soon as you have submitted a dispute to arbitration. We must notify you in writing as soon as we have submitted a dispute to arbitration." Generally, arbitration is commenced by service of such a written notice.

ZEICHNER ELLMAN & KRAUSE LLP

Rob Bonanno, Esq.
January 23, 2007
Page 2

Further, the Agreement provides:

"How arbitrators must be chosen: You must choose one arbitrator and we must choose another. They will choose the third. If you or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, or if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, either party may make application only to a court of competent jurisdiction in the City, County, and State of New York. . . ."

The Agreement further provides that "unless you and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to Yours, domiciled in the United States of America not under the control of either party to this Agreement."

Accordingly, demand is hereby made that Crum appoint a qualified arbitrator within 30 days after this written notice.

We are authorized on behalf of National Union to accept service of all demands, notices or communications of any kind in connection with this Arbitration.

Sincerely,

/s/

Anthony I. Giacobbe, Jr.

AIG:bs

Exhibit E

# GRAY|ROBINSON
### ATTORNEYS AT LAW

SUITE 2200
201 N. FRANKLIN STREET (33602)
POST OFFICE BOX 3324
TAMPA, FL 33601
TEL 813-273-5000
FAX 813-273-5145
gray-robinson.com

*CLERMONT*
*FORT LAUDERDALE*
*JACKSONVILLE*
*KEY WEST*
*LAKELAND*
*MELBOURNE*
*NAPLES*
*ORLANDO*
*TALLAHASSEE*
*TAMPA*

813-273-5150
RBONANNO@GRAY-ROBINSON.COM

February 21, 2007

**VIA FACSIMILE (212) 753-0396**
**AND U.S. MAIL**

Anthony Giacobbe, Jr.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022

Re:     Arbitration between Crum Staffing Inc. and National Union Fire Insurance
Company of Pittsburgh, PA and its Related Companies ("National Union")

Dear Mr. Giacobbe:

Please allow this correspondence to confirm our telephone conversation of February 21, 2007 concerning the appointment of William D. Hager as our arbitrator in the above matter. Mr. Hager's office is located in Boca Raton, Florida and information concerning Mr. Hager's practice can be located at his website www.expertinsurancewitness.com.

Pursuant to the "Arbitration Procedures" in the payment agreement, demand is made that National Union appoint a qualified arbitrator within thirty (30) days of this written notice.

I look forward to receiving your client's appointment and working with you on this matter.

Sincerely,

Robert H. Bonanno, Jr.

RHB/rb

cc:     Elise B. Lynn
William D. Hager

\2851281\2 - # 797149 v1

Exhibit F



**Insurance Metrics Corp**

Reinsurance Arbitration

- Resume
- Reinsurance Expertise
- Reinsurance Specialization
- Judicial Experience
- Articles
- Contact Us
- Home

Expert Witness

**William D. Hager**
**Curriculum Vitae**
561-995-7429 or bhager@expertinsurancewitness.com
**Download v-card**

**CAREER HIGHLIGHTS:** (See full position descriptions below)

- President, Insurance Metrics Corporation, Jan 2000 - Present
- Deputy Mayor and Elected City Council Member,
  City of Boca Raton, Florida, April 2002 - Present
- Cenetec Co-Founder, January 2000 - January 2002
- Co-Founder, Risk Metrics Corporation, 1998 to 1999
- President and CEO, NCCI, Inc., 1990 to 1998
- Insurance Commissioner, State of Iowa, 1986-1990
- National Association of Insurance Commissioners (NAIC), 1986-1990
- Attorney, Hager & Schachterle, 1983 to 1986
- General Counsel, American Academy of Actuaries, 1980-1983
- Congressional Assistant, U.S. House of Representatives, 1979-1980
- Chief Deputy, Iowa Insurance Department, 1976-1978
- Iowa Assistant Attorney General, 1975-1976
- Legal Counsel, Iowa House of Representatives, 1975 Session
- Teacher, Hawaii School District, 1970-1972
- Educational Background
- Bar Admissions
- Community
- Awards
- Professional
- Author
- Presentations
- Personal

**PRESIDENT, INSURANCE METRICS CORPORATION**
**BOCA RATON, FLORIDA, JANUARY 2000 TO PRESENT**

Mr. Hager formed Insurance Metrics Corporation in early 2000. The focus of this Corporation is three-fold:

1. The provision of reinsurance arbitration service,
2. The provision of expert insurance witness services and
3. The provision of non-litigation insurance consulting.

**Top of Page**

**DEPUTY MAYOR AND ELECTED CITY COUNCIL MEMBER,
CITY OF BOCA RATON, FLORIDA, APRIL 2002 TO PRESENT**

Mr. Hager was elected to a two-year term on the Boca Raton City Council, effective April 1, 2002. As City Councilman, Mr. Hager participates in the oversight of the Boca Raton City Government. This is a citywide elective position involving public service.

During his successful first term Council Member Hager focused on the city budget, quality of citizen services, increased educational opportunities and development plans. He was re-elected to a second two-year term without opposition and was appointed Deputy Mayor effective April 1, 2004.

**Top of Page**

---

**CO-FOUNDER OF CENETEC, L.L.C.
BOCA RATON, FLORIDA, JANUARY 2000 TO January 2002**

In early 2000, Mr. Hager co-founded Cenetec along with a group of entrepreneurs serving as its CEO and Chairman of the Board. Cenetec served as a for profit accelerator designed to help pioneering entrepreneurs turn their most innovative Internet and high technology products and services into successful companies. Cenetec enabled a number of early stage companies to effectively transform themselves into revenue producing enterprises. Cenetec currently holds positions in a number of such companies.

**Top of Page**

---

**CO-FOUNDER, RISK METRICS CORPORATION
BOCA RATON, FLORIDA, 1998 TO 1999**

Co-founded this information company in 1998. Risk Metrics gathers and sells public data to a wide range of customers. Mr. Hager recently sold his shares in Risk Metrics and no longer holds a position in the Company.

**Top of Page**

---

**PRESIDENT AND CHIEF EXECUTIVE OFFICER, NCCI, INC.
BOCA RATON, FLORIDA – 1990 TO 1998**

Mr. Hager was appointed President and CEO of NCCI in May 1990. NCCI is the nation's largest workers compensation and health care informatics corporation. Headquartered in Boca Raton, Florida, the corporation provides database products, software, publications and consultation services to state funds, self-insureds, independent bureaus, agents, regulatory authorities, legislatures and more than 700 insurance companies. While under Mr. Hager's leadership, NCCI had annual revenues approaching $150 million, NCCI employed 1,000 people located in 20 offices around the United States and was and is the licensed statistical and rate advisory organization in nearly 40 states. During Hager's leadership, NCCI had annual pricing responsibility for some $16 billion of workers compensation premiums and responsibility to gain regulatory approval of that pricing.

During Hager's tenure, NCCI doubled revenues (from $70 million to $150 million), reduced loss cost inadequacy to nearly zero (down from 25% inadequacy), brought

residual markets to an underwriting break-even point (down from $2 billion in annual underwriting losses) and provided the intellectual foundation for $1.5 billion in statutory reform. Concurrently, the organization was right-sized (head count reduced from 1,500 to 1,000), firepower was substantially increased (technical and professionals have increased from 40% to 85% of the employment base), and the organization was converted from a rate bureau to a contemporary, competitive information company.

**Top of Page**

---

**INSURANCE COMMISSIONER, STATE OF IOWA**
**DES MOINES, IOWA – 1986 TO 1990**

As Insurance Commissioner appointed by Governor Terry Branstad in July 1986, he was responsible for the regulatory oversight of all insurance companies, agents and brokers authorized to conduct business in the state of Iowa. He directed departments responsible for solvency oversight, insurance company examinations, consumer protection, agency licensing, and the administration of property and casualty, life and health insurance industries. In addition, Mr. Hager oversaw state regulation of the securities industry with Iowa's Supervisor of Securities reporting directly to him.

Mr. Hager brought contemporary technology to the Insurance Division. He pushed for aggressive legislation resulting in increased prosecution of agents and companies. For example, in 1986, $16 million was recovered from insurers for Iowa consumers. Under his direction, the division spearheaded an effort to attract new insurance operations to Iowa. Under this program, 3,000 new insurance jobs were added in 1988 alone. The program continues to date and is nationally recognized as a model of a constructive environment for attracting insurer operations. He was also responsible for implementing an assertive senior citizens advocacy program to educate the elderly on insurance purchases. Mr. Hager also strengthened rate oversight by leading the effort to hire an FCAS within the Department. Under Hager's leadership the FCAS was paid substantially more than Hager and even more than the Governor of the State.

The most important and yet least visible regulatory responsibility for an insurance commissioner is regulating for solvency. Mr. Hager was recognized for tenacious solvency regulation. During his term, several preexisting insolvencies were brought to completion and closed out. Furthermore, a number of marginal domestic insurers were declared insolvent and liquidated. Mr. Hager also facilitated a preemptive sale of a $4 billion Iowa domestic insurance company (Integrated Resources Life Insurance Co.) when its parent teetered on insolvency. The department worked with the insurer when a "run on the bank" was imminent and led a rapid sale of the insurer preempting a probable major insolvency. Under the terms of the sale all policyholders were made whole.

The department also recommended and supported state and federal prosecution of several insurance executives (e.g., American Excel) who committed financial fraud. Consistent with this record, and the general standard that the strength of solvency regulation during a commissioner's term is best reflected in the out years, in the years following 1990, Iowa has not had a relevant insurer insolvency.

**Top of Page**

---

**NATIONAL ASSOCIATION OF INSURANCE COMMISSIONERS (NAIC),**
**1986 – 1990.**

Concurrent with his service as Iowa Insurance Commissioner, Mr. Hager served as a member of the NAIC. The NAIC is an organization of the insurance commissioners of all 50 states and meets regularly in locations throughout the U.S. to consider and evaluate national insurance issues. The NAIC considers all major insurance issues and formulates responsive model insurance laws and regulations, which are then routinely (but optionally) adopted at the individual state level. In addition, the NAIC promulgates and updates the key insurer financial reporting format, namely the NAIC Annual Statement Blank. The organization is based in Kansas City, Missouri and is staffed by well over 100 personnel.

**NAIC Chairmanships – Chairman of the Midwest Zone.** Mr. Hager was elected by his fellow Insurance Commissioners from the Midwest Zone (composed of the Midwest states, constituting about one quarter of all of the states) to provide leadership and representation of the Midwest before the balance of the states. This position included a position on the Executive Committee of the NAIC as well as major responsibilities relating to the assignment of states (and their related examiners) to specific examinations, both triennial and Market Conduct.

**NAIC Leadership: Member of the Executive Committee.** Mr. Hager also served as an elected member of the Executive Committee of the NAIC, the body that served as the steering committee of the organization, providing leadership between full membership meetings and providing recommendations to the full membership as to complex or politically charged issues within the organization.

**NAIC Chairmanships – Chairman of the Life Insurance Committee.** As a member of the NAIC, Mr. Hager served as both Vice Chairman and Chairman of the NAIC Life Insurance Committee. The charge of this Committee was oversight over all issues relating to life insurance products (including illustrations) as well as life insurers. This position and my four years of service at the NAIC exposed me to Mr. Hager to all aspects of life insurer operations and responsibilities.

**NAIC Chairmanships: Chair of the Universal Life Insurance** Task Force. In addition to chairing the Life Insurance Committee, Mr. Hager also chaired the Universal Life Insurance Task Force. The responsibility of this Committee included oversight of emerging life insurance products such as universal life.

**NAIC Chairmanships: Chair of the Life Insurance Product Development Task Force.** Mr. Hager also chaired the Life Insurance Product Development Task Force. While chairman of this task force, he led the development of model disclosure statements for universal and indeterminate premium life products designed to assist consumers in their comparison of different types of interest sensitive life insurance products, after a survey of the states determined regulatory problems existed with these products.

**NAIC Chairmanships Chair of the Financial Services and Insurance Regulation Task Force.** Mr. Hager also served as Chair of the Financial Services and Insurance Regulation Task Force and Member of the Executive Committee. Working with the other U.S. financial industries, this Task Force had responsibility to reconcile issues relating to non-insurance financial matters (e.g., banking and securities) in their intersection with insurance and insurance regulation.

**NAIC – Other Committees.** In addition, he also served on the following NAIC committees:

- Member, the Blanks Committee
- Member, Guarantee Fund Committee
- Member, Rehabilitator and Liquidators Committee
- Member, Casualty Actuarial Committee
- Member, Commercial Lines Committee

- Member, Valuation of Securities Committee,
- Member, International Insurance Relations Committee
- Member, Accounting Practices and Procedures Committee and
- Member, State and Federal Legislative Committee.

**Ongoing Regulatory Involvement.** In the years since leaving the regulatory ranks, he has continued to be closely involved with the NAIC and the regulatory community. As President and CEO of NCCI, he was in regular attendance at meetings of the NAIC and continues to currently attend these meetings and to be actively engaged with the regulatory process.

<u>Top of Page</u>

---

## PRACTICING ATTORNEY, HAGER & SCHACHTERLE DES MOINES, IOWA 1983 TO 1986

Following his time in Washington, D.C., Mr. Hager returned to Des Moines and opened his own law firm in 1983. The firm specialized in corporate insurance, regulatory insurance and employee benefit matters. The firm also provided general legal services.

Mr. Hager represented numerous clients (companies and agents) in regulatory matters before the Iowa Insurance Department. Representative matters included:

- Policy forms approval,
- Rate approval,
- Insurer disciplinary matters,
- Agent disciplinary matters, and
- Insurer merger acquisition and holding company matters.

He also lobbied on behalf of insurers at the state legislature and NAIC level. Representative clients included the

- National Association of Independent Insurers (NAII),
- The Iowa Professional Insurance Agents Association (PIA), and the
- Iowa Association of Life Underwriters (IALU).

<u>Top of Page</u>

---

## GENERAL COUNSEL AND DIRECTOR OF GOVERNMENT RELATIONS, AMERICAN ACADEMY OF ACTUARIES WASHINGTON, D.C. 1980 TO 1983

Mr. Hager served as General Counsel and Director of Government Relations for all Academy activities, including advising on admissions, discipline, federal antitrust and general corporate law. He represented the 10,000 member organization before Congress (e.g., Senate Committees on Banking, Commerce, Finance and Labor, and House committees on Education, Labor, Energy, and Ways and Means).

He also represented the Academy before federal regulatory agencies, including the

- Pension Benefit Guaranty Corporation,
- Health Care Financing Administration, and

- The United States Department of Labor.

His additional duties included daily monitoring and reporting of all Congressional and regulatory activities affecting the profession. While at the Academy Mr. Hager was also chief staff support to the following Academy Committees/functions:

- Committee on Discipline;
- Committee on Risk Classification;
- Committee on Guides to Professional Conduct
- And several others.

Mr. Hager worked with Academy committees that subsequently provided the impetus for the creation of a national actuarial standards board that later became the Actuarial Standards Board (ASB).

**Top of Page**

---

**ADMINISTRATIVE ASSISTANT TO REPRESENTATIVE TOM TAUKE,
U.S. HOUSE OF REPRESENTATIVES
WASHINGTON, D.C. 1979 TO 1980**

Mr. Hager served as Administrative Assistant in Washington D.C. to Iowa Congressman Tom Tauke (Republican from Dubuque) for one year. His duties included the following:

- He coordinated district operations from Washington, D.C.,
- Supervised office accounts
- Supervised district grant applications and
- He managed a staff of 14.

**Top of Page**

---

**CHIEF DEPUTY, IOWA INSURANCE DEPARTMENT
DES MOINES, IOWA 1976 TO 1978**

Reported directly to Commissioner Herb Anderson. Mr. Hager supervised the following divisions within the Department:

**Life and Health Division.** The Life and Health Division was responsible for oversight of all life and health policy forms approvals as submitted by insurers. Additionally, this division was also responsibly for all related Life/Health rate change proposals.

**Property Casualty Division.** The Property Casualty Division was responsible of oversight of all property casualty policy forms approvals as submitted by insurers. Additionally, this division was responsible for all related property/casualty rate change proposals.

**Complaints Division.** This division was responsible for the processing and oversight of all consumer complaints received by the Insurance Department. In the Department's resolution of such complaints and where patterns of insurer and agent wrong doing arose, to prosecute the insurers/agents under the Iowa Administrative Procedures Act. Mr. Hager personally led the Administration Prosecution of scores of such cases.

**Agents Licensing Division.** This application was responsible for overseeing all agent-licensing applications.

In addition to the above, Mr. Hager supervised initiation of formal administrative actions relating to departmental rules, companies (i.e., mergers, holding company activities and disciplinary activity), and agents (i.e., disciplinary).

**Top of Page**

---

**IOWA ASSISTANT ATTORNEY GENERAL**
**DES MOINES, IOWA 1975 TO 1976**

Assigned to the Department of Insurance, serving as the Department's General Counsel. In that capacity, he

- Prepared briefs for the Department's use in agency administrative hearings;
- Represented the Department in all state and federal litigation;
- Provided day to day legal guidance to the Commissioner as to all relevant matters;
- Prepared and issued Attorney General Opinions relative to insurance matters;

**Top of Page**

---

**LEGAL COUNSEL TO THE REPUBLICANS,**
**IOWA HOUSE OF REPRESENTATIVES**
**DES MOINES, IOWA 1975 SESSION**

Retained by the Republicans of the Iowa House of Representative as their legal counsel for 1975 Session. In this position, I provided legal counsel on all relevant caucus issues and provided the following staff support:

- Researched pending legislation,
- Prepared memorandums in support of proposed legislation,
- Provided legal advice, and
- Participated in bill drafting.

**Top of Page**

---

**MATHEMATICS TEACHER, KALAKAUA INTERMEDIATE SCHOOL**
**KALIHI DISTRICT**
**HONOLULU HAWAII 1970-1972**

Taught junior high mathematics and Hawaiian history in a school with a significant population of Hawaiian students during academic years 1970-71 and 1971-72.

**Top of Page**

---

**EDUCATIONAL BACKGROUND**

University of Northern Iowa, Cedar Falls, Iowa
Bachelor of Arts degree Secondary Mathematics Education 1969

University of Hawaii, Honolulu, Hawaii; Master of Education Degree – Educational Psychology (Psychological Counseling) – 1972

University of Illinois, Champaign, Illinois
Juris Doctor - 1974

**Top of Page**

---

**BAR ADMISSIONS AND OTHERS**

Florida, by exam 2004;
Illinois, by exam 1975 (this license is currently in inactive status);
Iowa, by exam 1975;
United States Supreme Court 1978

Member, the Iowa State Bar Association, Sections on:

- Administrative Law,
- Commercial and Bankruptcy Law,
- Corporate Counsel,
- Government Practice,
- Health Law,
- Litigation,
- Trade Regulation and
- Workers Compensation.

Member, American Bar Association, and Member of the following Sections:

- Administrative Law and Regulatory Practice,
- Antitrust Law,
- Health Law and
- Tort, Trial and Insurance.

**Top of Page**

---

**COMMUNITY**

Member of the Board and Immediate Past Vice Chairman of the Board, Boca Raton Community Hospital

Co-Chairman (w/ Beth and Mr. Richard Gold) of the 2001 American Cancer Society's Ball (Boca Raton)

Ball Chairman (w/ Beth) 1999 Boca Raton Community Hospital

Ball Co-Chair (with Beth and with Mike and Kathy Arts and John and Susan Welchel) of the 1998 Boca Raton Historical Society Ball

Ball Chair (w/ Beth) of the 1997 American Heart Association Ball

Board of Directors, National Conference of Christians and Jews of Southeast Florida

Board Member, past Chair, Boca Raton Chamber of Commerce

Member of the Session and current Stewardship Campaign Chairman, First Presbyterian Church (Delray Beach)

Past Board Member, Past Chair, Florida Atlantic University Executive Advisory Board, College of Business

Past Board Member, Past Campaign Chair, United Way of Palm Beach County

Past Chair, March of Dimes Walk America

Advisory Committee to the Board: Pinecrest School, Ft. Lauderdale, and FL.

**Top of Page**

---

## AWARDS

*Sun Sentinel* Excalibur Award for Business Leaders in South Florida (awarded for excellent business practices)

Silver Medallion Award, National Conference of Christians and Jews (awarded for ecumenical work in the community between all ethnic groups)

Business of the Year (to NCCI), 1996 as CEO

Others

**Top of Page**

---

## PROFESSIONAL

Member, Board of Directors of Emergin, Inc., a global leader in the wireless software industry, offering a combination of products and services that provide wireless communications solutions to businesses of all sizes.

Partner, Silicon Beach Venture Capital, Inc., a venture capital firm located Boca Raton.

Elected Councilman of the City of Boca Raton; term runs through 2006;

**Top of Page**

---

## AUTHOR

Numerous Iowa Attorney General Opinions (1975-76);

Antitrust Guide, American Academy of Actuaries (1982);

Numerous other articles in various publications while General Counsel and Director of Government Relations to the American Academy of Actuaries (1980-1983);

Numerous articles in various publications while Iowa Commissioner of Insurance (1986-1990);

Author (and lecturer) of the Insurance Course of the Iowa Bar Review (@ 1985-1991);

Numerous Hearing Officer Decisions under the Iowa Administrative Procedures Act (1978-1980; 1986-1990);

Numerous articles about the US Workers Compensation System while President and CEO of NCCI (1990-1997);

Law Review Article: William D. Hager, The Authority of the States over Debtor Coercion by the Federal Savings and Loan Associations, 27 Drake Law Review 651 (1977).

Law Review Article: William D. Hager and Paul Noel-Creitien, The Emerging Law of Actuarial Malpractice, 31 Drake L. Rev. 831 (1982).

Law Review Article: William D. Hager & Larry Zimpleman, The Norris Decision, Its Implications and Applications, 32 Drake L. Rev. 913 (1983).

Numerous other articles.

**Top of Page**

---

## PRESENTATIONS

"The Unfair Claims Practices Act - Sword and Shield," was presented by Mr. Hager at the Corporate Compliance and Executive Planning Sarbanes Super Conference sponsored by *Forbes* Magazine in Washington, D.C. on September 3-4, 2003;

"Avoiding Actuarial Malpractice" was the topic of a speech given by Mr. Hager to The Conference of Consulting Actuaries at the November 2003 Annual Meeting held in Tucson, AZ;

Numerous presentations to various groups while Iowa Assistant Attorney General;

Numerous presentations to various groups while Iowa First Deputy Insurance Commissioner;

Numerous presentations to various actuarial organizations/programs while General Counsel and Director of Government Relations of the American Academy of Actuaries;

Numerous presentations to various groups/organizations while a practicing attorney in Des Moines;

Numerous presentations to various groups while Commissioner of Insurance;

Numerous presentations to various groups while President and CEO of NCCI;

Numerous presentations to the high technology community in recent positions;

**Top of Page**

**PERSONAL**

Bill and his wife, Dr. Beth King, reside in Boca Raton where they are raising their two teenage daughters. Beth is an assistant professor of nursing at Florida Atlantic University. Bill is a highly marginal golfer and he teaches Sunday School at the First Presbyterian Church in Delray Beach, where he also serves as an Elder.

<u>Top of Page</u>

**Office Contact Information:**
**Insurance Metrics Corporation**
2360 NW 45th Street
Boca Raton, Florida 33431
Telephone: (561) 995 7429
Fax: (561) 241 7920
Email: bhager@expertinsurancewitness.com

<u>Top of Page</u>

<u>Home</u> | <u>Resume</u> | <u>Reinsurance Expertise</u> | <u>Reinsurance Specialization</u> | <u>Judicial Experience</u> | <u>Articles</u> | <u>Contact Us</u>

© Copyright 2003-2004 Insurance Metrics Corporation, ALL RIGHTS RESERVED.

Exhibit G

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
(212) 826-5348
agiacobbe@zeklaw.com

February 23, 2007

**BY FACSIMILE**

Rob Bonanno, Esq.
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

**Facsimile No.: (813) 723-5145**

**Arbitration between Crum Staffing Inc. et al ("Crum")
and National Union Fire Insurance Company of Pittsburgh, Pa.
and Its Related Companies ("National Union")**

Dear Mr. Bonanno:

We are in receipt of your appointment of William D. Hager to serve as arbitrator in the above-referenced matter. We have reviewed his qualifications and, notwithstanding his distinguished credentials, Mr. Hager does not satisfy the contractual requirements because he has never been an executive officer of an insurance company. More specifically, the section of the Payment Agreement titled "Qualifications of arbitrators" provides:

> **Qualifications of arbitrators:** Unless *You* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property of casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *Yours*, domiciled in the United States of America not under the control of either party to this Agreement.

Accordingly, Crum is now in default of its obligation to appoint a contractually qualified arbitrator within 30 days as follows:

> **How arbitrators must be chosen:** *You* must choose one arbitrator and we must choose another. They will choose

ZEICHNER ELLMAN & KRAUSE LLP

Rob Bonanno, Esq.
February 23, 2007
Page 2

arbitrator within 30 days after written notice from the
other party requesting it to do so, or if the two arbitrators
fail to agree on a third arbitrator within 30 days of their
appointment, either party may make an application to a
Justice of the Supreme Court of the State of New York,
County of New York and the Court will appoint the
additional arbitrator or arbitrators.

We will, however, permit Crum an additional ten days until March 5,
2007 to appoint a qualified arbitrator.

Please understand that any candidate who has testified as an expert
witness against any of the member companies of American International Group, Inc.
("AIG") will also be subject to objection. For that reason, the ten day extension
referred to above is not extended to include an attempted appointment of any individual
who has previously testified under oath against any of the AIG member companies as
an expert witness

Sincerely,

Anthony I. Giacobbe, Jr.

AIG:bs

498628.01/10420-011/AIG

Exhibit H

# GRAY | ROBINSON
## ATTORNEYS AT LAW

SUITE 2200
201 N. FRANKLIN STREET (33602)
POST OFFICE BOX 3324
TAMPA, FL 33601
TEL 813-273-5000
FAX 813-273-5145
gray-robinson.com

CLERMONT
FORT LAUDERDALE
JACKSONVILLE
KEY WEST
LAKELAND
MELBOURNE
NAPLES
ORLANDO
TALLAHASSEE
TAMPA

813-273-5100
DMITCHELL@GRAY-ROBINSON.COM

March 2, 2007

**VIA FACSIMILE TO (212) 753-0396 & U.S. MAIL**

Anthony I. Giacobbe, Jr., Esquire
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY  10022

Re:    Arbitration between Crum Staffing Inc. and National Union Fire Insurance Company of
          Pittsburgh, PA and its Related Companies ("National Union")

Dear Mr. Giacobbe:

Your letter of February 23, 2007, referenced as above, has been referred to the undersigned for reply.

We disagree with you that our selected arbitrator, William D. Hager, does not meet the qualifications of an arbitrator as set forth in the "Arbitration Procedures" provision of the Payment Agreement. That provision requires that arbitrators be executive officers or former executive officers of, among other things, an insurance brokerage company. Clearly, Mr. Hager's tenure as president and CEO of NCCI, Inc. qualifies him as a former chief executive officer of an insurance brokerage company, which is not further defined by the agreement. Therefore, please be advised that we respectfully disagree that Crum is in default in regard to its obligation to appoint an arbitrator. We decline your invitation to appoint a different arbitrator. We also completely reject your suggestion that any person who has ever testified as an expert witness against AIG is objectionable. Evidently, this is merely an additional requirement that you are attempting to engraft upon the arbitration procedures provision, and one that has no support in the language of the payment agreement.

Once again, our appointment of Mr. Hagar as Crum's arbitrator will stand. We completely reject your suggestion that Mr. Hagar is not qualified, and with all due respect, we consider the objection that you attempt to raise completely without merit. Therefore, please take whatever actions you consider warranted under the circumstances.

Sincerely,

Daniel P. Mitchell

DPM/mgb

cc:    Elise B. Lynn
         William D. Hager

# 798581 v1

Exhibit I

## ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889
————————

DIRECT DIAL
(212) 826-5348
agiacobbe@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

March 12, 2007

**BY FACSIMILE**

Daniel P. Mitchell, Esq.
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

Rob Bonanno, Esq.
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

**Arbitration between Crum Staffing Inc. et al ("Crum")**
**and National Union Fire Insurance Company of Pittsburgh, Pa.**
**and Its Related Companies ("National Union")**

Dear Messrs. Mitchell and Bonanno:

We are in receipt of your March 2, 2007 letter. We have asked NCCI to confirm that it is an insurance brokerage company but have not yet received a response from NCCI. Accordingly, please provide us with documentation that NCCI is an insurance brokerage company, such as a copy of NCCI's insurance brokerage license.

National Union reserves all of its rights concerning Crum's appointment of Mr. Hager.

Sincerely,

Anthony I. Giacobbe, Jr.

AIG:cla

### ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

DIRECT DIAL
·(212) 826-5348
agiacobbe@zeklaw.com

March 14, 2007

**BY FACSIMILE**

Daniel P. Mitchell, Esq.
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

Rob Bonanno, Esq.
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

**Arbitration between Crum Staffing Inc. et al ("Crum")
and National Union Fire Insurance Company of Pittsburgh, Pa.
and Its Related Companies ("National Union")**

Dear Messrs. Mitchell and Bonanno:

Further to my letter of March 12, 2007, we have now been informed by NCCI that NCCI is not an insurance brokerage company. Accordingly, Mr. Hager does not qualify as an arbitrator in this matter. We will permit Crum until March 20, 2007 to inform us of the name and qualifications of a qualified arbitrator.

Sincerely,

Anthony I. Giacobbe, Jr.

AIG:cla

499679.01/10420-011/AIG

Exhibit K

# GRAY | ROBINSON

### ATTORNEYS AT LAW

SUITE 2200
201 N. FRANKLIN STREET (33602)
POST OFFICE BOX 3324
TAMPA, FL 33601
TEL 813-273-5000
FAX 813-273-5145
gray-robinson.com

*CLERMONT*
*FORT LAUDERDALE*
*JACKSONVILLE*
*KEY WEST*
*LAKELAND*
*MELBOURNE*
*NAPLES*
*ORLANDO*
*TALLAHASSEE*
*TAMPA*

813-273-5100
DMITCHELL@GRAY-ROBINSON.COM

March 20, 2007

## VIA FACSIMILE TO (212) 753-0396 & U.S. MAIL

Anthony I. Giacobbe, Jr., Esquire
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, NY 10022

Re:     Arbitration between Crum Staffing Inc. and National Union Fire Insurance Company of
Pittsburgh, PA and its Related Companies ("National Union")

Dear Mr. Giacobbe:

This will acknowledge receipt of and thank you for your letter of March 14, 2007, referenced as above. We disagree with your conclusion that Mr. Hager does not qualify as an arbitrator in this matter. Therefore, we respectfully decline your invitation to name a different arbitrator. Our choice as arbitrator is Mr. Hager, and you may take whatever action based thereon you consider appropriate.

Should you have any questions concerning the foregoing, please do not hesitate to advise.

Sincerely,

Daniel P. Mitchell

DPM/mgb

cc:     Elise B. Lynn

\285128\2 - # 811166 v1

Exhibit L

# ZEICHNER ELLMAN & KRAUSE LLP

575 LEXINGTON AVENUE
NEW YORK, NEW YORK 10022
(212) 223-0400
FAX: (212) 753-0396
www.zeklaw.com

35 MASON STREET
GREENWICH, CT 06830
(203) 622-0900
FAX: (203) 862-9889

DIRECT DIAL
(212) 826-5348
agiacobbe@zeklaw.com

103 EISENHOWER PARKWAY
ROSELAND, NJ 07068
(973) 618-9100
FAX: (973) 364-9960

March 21, 2007

**BY FACSIMILE**

Daniel P. Mitchell, Esq.
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

Rob Bonanno, Esq.
GrayRobinson, P.A.
201 N. Franklin Street, Suite 2200
Tampa, Florida 33602

**Arbitration between Crum Staffing Inc. et al ("Crum")
and National Union Fire Insurance Company of Pittsburgh, Pa.
and Its Related Companies ("National Union")**

Dear Messrs. Mitchell and Bonanno:

National Union designates Linda Martin Barber of Navigant Consulting, Inc. as its party-appointed arbitrator in the referenced arbitration. Ms. Barber's resume is available at www.arias-us.org.

Sincerely,

Anthony I. Giacobbe, Jr.

AIG:bs

500082.01/10420-011/AIG

Exhibit M



**NCCI Holdings, Inc.**

April 12, 2007

Anthony I. Giacobbe, Jr., Esq.
Zeichner Ellman Krause LLP
575 Lexington Avenue
New York, NY 10222

Dear Mr. Giacobbe:

You have asked whether National Council on Compensation Insurance, Inc. is an "insurance brokerage company." You have advised us that an "insurance broker" is defined as follows in the following two sources:

Dictionary of Insurance Terms, Third Edition, Harvey W. Rubin, Ph.D., CLU, CPCU:

BROKER, insurance salesperson who searches the marketplace in the interest of clients, not insurance companies.

Glossary of Insurance Terms, Over 2,500 Definitions of the Most Commonly Used Words in the Industry, 6th Edition, Merritt Publishing, Santa Monica, CA:

BROKER. One who represents an insured in the solicitation, negotiation or procurement of contracts of insurance, and who may render services incidental to those functions. By law the broker may also be an agent of the insurer for certain purposes such as delivery of the policy or collection of the premium.

Also, you have advised us that The United States Court of Appeals for the Second Circuit has stated:

Both New York insurance law and common law provide that insurance brokers act as agents on behalf of the insured where they are "employed by the insured to procure insurance.

Evvtex Co., Inc. v. Hartley Cooper Associates Limited and Gibbs Hartley Cooper Limited, 102 F.3d 1327, 1331-32 (2d Cir 1996).

Under these definitions of "broker" National Council on Compensation Insurance, Inc. is not an "insurance brokerage company."

Very truly yours,

Terrence D. Delehanty
General Counsel and Chief Legal Officer

Exhibit N

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 50E

101981.41

Pleadings

```
------------------------------------------x
In the Matter of the Application of NATIONAL UNION  :
FIRE INSURANCE COMPANY OF PITTSBURGH, P.A.,  :
on behalf of itself and each of the related insurers that  :
provided coverage to respondent,                 :          DECISION AND ORDER
                                                  :          Index No.: 120192/02
                          Petitioner,             :
                                                  :
For an Order Appointing an Arbitrator in an Arbitration  :
Proceeding                                        :
                                                  :
            -against-                             :
                                                  :
DYNEER CORPORATION                               :
                                                  :
                          Respondent.             :
------------------------------------------x
```

WILLIAM A. WETZEL, J.:

Petitioner brings this proceeding pursuant to CPLR §7504 seeking the appointment of a neutral arbitrator due to the failure of the parties to agree.

While the parties do not agree even as to the reasons for the disagreement there can be no doubt that they have been unable to designate a mutually agreeable "umpire" pursuant to the terms of the arbitration agreement.

The agreement specifically provides for the appointment by this Court in the event of such a stalemate. This Court has reviewed candidates from the list maintained by "ARIAS U.S." and designates Mr. Donald T. DeCarlo of 200 Manor Road, Douglaston, NY 11363. This Court is satisfied that he meets all of the necessary qualifications and has substantial experience as an arbitrator and umpire. In the event Mr. DeCarlo is unable or unwilling to serve, this Court appoints James J. Powers of 133 Grandview Lane Mahwah, NJ 07430.

This constitutes the Decision and Order of this Court.

Dated: New York, NY
       July 22, 2003

                                                       J.S.C.

Exhibit O



**Janet J. Burak**

**Certified Arbitrator**



**IMPROVING ARBITRATION**

## Current Employment

Company: **Self-employed**

Position: Consultant; reinsurance/insurance arbitration and mediation

Address: 136 Eileen Drive
Cedar Grove, NJ 07009-1352

Phone: 973-256-3145

Fax: 973-256-5133

Email: jjburak@msn.com

Attorney: Yes

## Previous Employment

Company: **Everest Reinsurance Company**

Position: Senior Vice President (1994-2002); General Counsel (1985-2002); responsible for all legal/regulatory matters for companies in the Everest Re Group

## Credentials

B.A. (Economics) - Bucknell University; J.D. - Seton Hall University School of Law; Licensed to practice law in New Jersey

## Principal Areas of Insurance/Reinsurance Experience

Contract wording; legal/regulatory; claims

**Years of Exp**

**Insurance Company:** 10

**Reinsurance Company:** 22

**Law Firm (Insurance/ Reinsurance Practice):** Bar Practice 5

**Number of Arbitrations**

As an Arbitrato **23**

As an Umpire:

**Completed Arbitrations (Award Issued)**

As an Arbitrato **6**

As an Umpire:

### Search Keywords

**Professional Background**

- Attorney
- Legal Department
- Former Insurance Company Officer
- Former Reinsurance Company Officer

**Insurance**

- Asbestos
- Environmental/Pollution
- Excess/Surplus Lines
- Financial Guarantee
- MGA/MGU

**Reinsurance**

- Accident & Health
- Asbestos
- Commercial Liability
- Commercial Property
- Commutations
- Contract Wording
- Directors & Officers
- Environmental/Pollution

- Facultative
- Fidelity & Surety
- Financial Guarantee
- Receivership
- Toxic Torts
- Treaty
- Workers' Compensation

site by

Ecommerce Solutions, Shopping Cart Software, Web Content Management, Internet Marketing



## Mary Ellen Burns

**Certified Arbitrator**



IMPROVING ARBITRATION

### Current Employment

Company: **Self-employed**

Position: Arbitrator, mediator, and attorney

Address: 7 Cogswell Lane
Stamford, CT 06902

Phone: 203-327-4998

Fax: 203-323-9511

Email: burnsm@optonline.net

Attorney: Yes

### Previous Employment

Company: **Kroll & Tract, 1981-1987**

Position: Associate from 1981 to 1986, Partner from 1986 to 1987. Concentrated in insurance and reinsurance, with empasis on regulatory issues, corporate law and litigation

Company: **National Reinsurance Corporation, 1987-1996**

Position: General Counsel from 1990 to 1996, Assistant General Counsel from 1987 to 1990, Director from 1992 to 1996. Directed legal activities supporting business operations, especially contract nterpretation, dispute resolutions, reinsurance recoveries and insolvencies

### Credentials

Admitted New York and Connecticut. Admitted U.S. District Court - East and Southern Districts, Included on the Register of Mediators for the United States Bankruptcy Court of the Southern District of New York, Member, NASD Regulation, Inc. Board of Arbitrators. Arbitrator Number A17036. Certified Arbitrator NYSE. American Arbitration Association, Commercial Panel.

### Principal Areas of Insurance/Reinsurance Experience

Claims, contracts, workers comp, fidelity & surety, law, financial products

### Other Information

Formal mediation training from: Second Circuit & United States Bankruptcy Court

### Years of Experience

**Reinsurance Company:** 10

**Law Firm (Insurance/ Reinsurance Practice):** 10

### Number of Arbitrations

As an Arbitrator: **115**

As an Umpire: **39**

### Completed Arbitrations (Award Issued)

As an Arbitrator: **25**

As an Umpire: **17**

### Number of Mediations

As Mediator: **3**

As Counsel: **1**

**Search Keywords**

**Professional Background**

- Attorney
- Legal Department
- Former Reinsurance Company Officer

**Insurance**

- Alternative Risk/Finite Risk/Self Insurance
- Asbestos
- Captives/Risk Retention Groups
- Commercial Liability
- Construction Defects
- Excess/Surplus Lines
- Fidelity & Surety
- Financial Guarantee
- Mergers & Acquisitions
- MGA/MGU
- Product/Consumer Warranties
- Regulatory/Licensing
- Retrospective Rating
- Workers' Compensation

**Reinsurance**

- Accident & Health
- Alternative Risk/Finite Risk/Self Insurance
- Asbestos
- Commutations
- Facultative
- Workers' Compensation

site by

Ecommerce Solutions, Shopping Cart Software, Web Content Management, Internet Marketing



## Ronald S. Gass

**Certified Arbitrator**



**IMPROVING ARBITRATION**

### Current Employment

Company: **The Gass Company, Inc.**

Position: President - Consultant providing dispute resolution services as an umpire and arbitrator to the reinsurance and insurance industry.

Address: 59 Ravenwood Drive Weston, CT 06883-1410

Phone: 203-227-9431

Fax: 212-208-3003

Email: rgass@gassco.com

Website: **www.gassco.com**

Attorney: Yes

### Previous Employment

Company: **XL Reinsurance America Inc. (formerly NAC Reinsurance Corporation)**

Position: Vice President and Associate General Counsel - Extensive reinsurance business experience in a broad range of issues including reinsurance contract wordings and interpretation; MGA transactions and disputes; retrocessionaire collections and disputes; reinsurance arbitrations, litigation and mediation; surety reinsurance; aviation reinsurance; commutations; receiverships and rehabilitations; setoffs; and technology; and U.S. economic sanctions-related coverage disputes

Company: **American Insurance Association**

Position: Associate General Counsel and Corporate Secretary - Extensive experience in business issues and litigation involving ceded reinsurance, property and catastrophe insurance, medical professional liability insurance, and insurance antitrust law

Company: **Medical Mutual Liability Insurance Society of Maryland**

Position: General Counsel, Assistant Vice President and Secretary - Extensive experience in occurrence

### Years of Experience

**Insurance Company:** 2

**Reinsurance Company:** 8

**Other:**
- Arbitrator and umpire 5
- American Insurance Association 7
- Assistant Attorney General, MD 3
- Law firm 2
- Total legal experience 27

### Number of Arbitrations

As an Arbitrator: **76**

As an Umpire: **13**

As Counsel: **6**

### Completed Arbitrations (Award Issued)

As an Arbitrator: **21**

As an Umpire: **6**

### Number of Mediations

As Counsel: **2**

and claims-made medical professional liability insurance

Company: **Office of the Maryland Attorney General**

Position: Assistant Attorney General - Administrative hearings counsel to various state health care practitioner licensure and disciplinary agencies

Company: **Venable, Baetjer and Howard**

Position: Associate - Practice concentrating in hospital and health care law

## Credentials

Education: B.A., Duke University - 1973; M.A., U. of Chicago - 1975; J.D., U. of Maryland School of Law - 1979; Mediation Workshop, Harvard Law School - Program of Instruction for Lawyers – 2004; Admitted in Connecticut and Maryland; Admitted before the U.S. District Court for the District of Maryland

## Principal Areas of Insurance/Reinsurance Experience

Extensive experience in a broad range of business issues including reinsurance contract wordings and interpretation; reinsurance collections; MGA transactions and disputes; coverage disputes involving various lines of business including property and catastrophe insurance, surety reinsurance, aviation reinsurance, general liability and medical malpractice liability insurance, technology, and U.S. economic sanctions; reinsurance arbitration, litigation and mediations; commutations; reinsurance intermediary disputes and E&O issues; receiverships and rehabilitations; and setoffs. Participated as counsel in 5 arbitrations and 2 mediations.

## Other Information

Vice-Chair of the American Bar Association Tort Trial and Insurance Practice Section's Excess, Surplus Lines and Reinsurance Committee. For publications, see my web site at www.gassco.com

## Search Keywords

### Professional Background

- Attorney
- Legal Department

- Former Insurance Company Officer
- Former Reinsurance Company Officer

**Insurance**

- Contract Wording
- Professional Liability/Errors & Ommissions

**Reinsurance**

- Asbestos
- Aviation
- Commercial Liability
- Commercial Property
- Commutations
- Contract Wording
- Environmental/Pollution
- Excess/Surplus Lines
- Facultative
- Fidelity & Surety
- MGA/MGU
- Ocean Marine
- Personal Lines
- Product Liability
- Professional Liability/Errors & Ommissions
- Receivership
- Treaty
- Workers' Compensation

site by

Ecommerce Solutions, Shopping Cart Software, Web Content Management, Internet Marketing



## Sylvia Kaminsky

**Certified Arbitrator**



IMPROVING
ARBITRATION

## Current Employment

Company: **Self-employed**

Position: Insurance/Reinsurance consultant, arbitrator and attorney

Address: 405 Park Street
Upper Montclair, NJ 07043

Phone: 973-783-6031

Fax: 973-783-6031

Email: SYL193@aol.com

Attorney: Yes

## Previous Employment

Company: **Gerling Global Reinsurance Corporation of America**

Position: 2000-2003 - Sr. V.P. Claims & Legal Counsel
Responsible for legal matters including all arbitrations and litigations; supervised and managed claim staff, handled and coordinated all commutations, claim payments, retrocession recoveries and audits.
1998-2000 - Deputy General Counsel & Deputy Corporate Secretary
Responsible for counseling all departments within company; handled arbitrations and litigations, interpreted, drafted and developed reinsurance agreements and contract wordings; addressed regulatory matters.

Company: **Constitution Reinsurance Corporation, 1995-1998**

Position: Sr. V.P., General Counsel & Corporate Secretary - responsible for all legal activities supporting business units; handled all arbitrations and litigations; oversaw all regulatory matters; drafted reinsurance agreements.

Company: **Private law practice, 1980-1994**

Position: Provided all aspects of legal services to domestic and foreign insurers and reinsurers.

## Credentials

Admitted to practice in New York State Courts; admitted in Federal Courts - Southern and Eastern Districts of New York, District of Arizona, Ninth Circuit Court of Appeals; American Arbitration Association, Commercial Panel.

---

**Years of Exp**

**Reinsurance Company:** 8

**Law Firm (Insurance/ Reinsurance Practice):** 14

**Number of Arbitrations**

As an Arbitrator **47**

As an Umpire: **13**

As Counsel: **25+**

**Completed Arbitrations (Award Issued)**

As an Arbitrator **9**

As an Umpire: **12**

As Counsel: **10+**

**Number of Mediations**

As Mediator: **1**

As Counsel: **2**

### Principal Areas of Insurance/Reinsurance Experience

Reinsurance arbitration and litigation; Complex claims including coverage analysis; Contract wording

### Other Information

American Arbitration Association - Panel of Commercial Arbitrators, Member of NASD Arbitrator Panel, Member of Arbitration Panel of International Institute for Conflict Prevention/Resolution, Member of Federation of Defense and Corporate Counsel of American Corporate Counsel Association. Association of Professional Insurance Women. Former member of the Reinsurance Association of America Law Committee and Reinsurance Dispute Task Force . . . . . . . . . Sylvia Kaminsky has been in the insurance/reinsurance industry for more than 25 years having extensive experience in the conduct and supervision of insurance and reinsurance disputes. From 1995-1998, Ms. Kaminsky was Senior Vice President, General Counsel and Corporate Secretary of Constitution Reinsurance Corporation (CRC). In this position she was responsible for all legal activities supporting the business operations of the company including the handling of all arbitrations and litigations, overseeing regulatory matters, drafting reinsurance agreements and corporate contract, and commutations. Ms Kaminsky served on the Board of Directors of CRC and on the Board of Directors of Sirius America Insurance Company, a managed company of CRC. In 1998, CRC was acquired by Gerling Global Reinsurance Corporation where she became Senior Vice President of Claims where she oversaw the claims and litigations as well as the supervision and management of the claims staff. She coordinated all legal and claim departments of two major reinsurance companies, Ms. Kaminsky worked for 14 years in private law practice providing all aspect of legal services to domestic and foreign insurance and reinsurance companies. Ms. Kaminsky is a certified ARIAS-U.S. arbitrator. She is a member of the Federation of Defense and Corporate Counsel, The American Corporate Counsel Association, and Association of Professional Insurance Women. She was a former member of the Reinsurance Association of America Law Committee and Reinsurance Dispute Task Force. Ms. Kaminsky is admitted to practice law in New York State and the federal courts in the Eastern and Southern Districts of New York, the District of Arizona and the Ninth Circuit Court of Appeals.

### Search Keywords

#### Professional Background

- Attorney
- Claims Department
- Legal Department
- Former Reinsurance Company Officer

**Insurance**

- Audit
- Commercial Liability
- Contract Wording
- Directors & Officers
- Environmental/Pollution
- Product Liability
- Professional Liability/Errors & Ommissions
- Toxic Torts

**Reinsurance**

- Asbestos
- Audit
- Commercial Liability
- Commercial Property
- Commutations
- Contract Wording
- Environmental/Pollution
- Facultative
- MGA/MGU
- Product Liability
- Toxic Torts
- Treaty

site by

Ecommerce Solutions, Shopping Cart Software, Web Content Management, Internet Marketing



## Andrew S. Walsh
### Certified Arbitrator



IMPROVING
ARBITRATION

### Current Employment

Company: **Self-employed**

Position: Arbitrator and Consultant

Address: 113 Cherry Lane
Berwyn, PA 19312

Phone: 610-644-4023

Fax: 267-200-0614

Email: andywalsh@comcast.net

Attorney: Yes

### Previous Employment

Company: **Legion Insurance Company (In Liquidation)**

Position: Senior Vice President and General Counsel; Managed Law Department with primary responsibility for managing disputes with cedents and reinsurers, MGAs, TPAs, agents, brokers and insureds, relating to the company's program and rent-a-captive business. Also counsel on employment, corporate, contract and other areas of the law. Managed contract wording department, loss control department and special investigations unit.

Company: **Colonial Penn Group, Inc., 1982-1987**

Position: Associate General Counsel; providing regulatory counsel and litigation management services, with emphasis on reinsurance and managing general agency disputes.

Company: **Richard, Brian, DiSanti & Hamilton, Media, PA, 1980-1982**

Position: Associate in private practice concentrating on labor law.

### Credentials

Union College, B.A. 1976; New York University School of Law, J.D., 1979; CLU - 1985; Admitted to PA bar - 1979; Member of American, Pennsylvania and Philadelphia Bar Associations; American Corporate Counsel Association (Delvacca Chapter)

### Years of Experience

Insurance
Company: 21

### Number of Arbitrations

As an Arbitrator:
**71**

As an Umpire: **2**

### Completed Arbitrations (Award Issued)

As an Arbitrator:
**10**

**Principal Areas of
Insurance/Reinsurance Experience**

Property/casualty; treaty and facultative;
captive and rent-a-captive; accident & health;
MGA and agent/broker

**Other Information**

Extensive experience counseling companies
and managing arbitrations from both
reinsured and reinsurer perspective.
Experience as an arbitrator in reinsurance,
managing general agent and insured disputes.

---

**Search Keywords**

**Professional Background**

- Attorney
- Legal Department
- Former Insurance Company Officer

**Insurance**                    **Reinsurance**

- Accident & Health              - Alternative
- Alternative                      Risk/Finite
  Risk/Finite Risk/Self            Risk/Self
  Insurance                        Insurance
- Asbestos                       - Captives/Risk
- Captives/Risk                    Retention
  Retention Groups                 Groups
- Commercial Liability           - Contract
- Commercial                       Wording
  Property
- Construction Defects
- Contract Wording
- Excess/Surplus
  Lines
- MGA/MGU
- Premium Financing
- Receivership
- Regulatory/Licensing
- Retrospective Rating
- Third Party
  Administrator
- Workers'
  Compensation

site by
Ecommerce Solutions, Shopping Cart Software, Web
Content Management, Internet Marketing



## Richard L. White

**Certified Arbitrator**



IMPROVING
ARBITRATION

### Personal Information

Address: 58 Pine Blvd.
Cedar Knolls, NJ 07927

Phone: 973-292-2421

### Current Employment

Company: **Integrity Insurance Company in Liquidation, MIIX Insurance Company in Rehabilitation**

Position: Deputy Liquidator/Deputy Rehabilitator - Responsible for orderly wind-up of the Estate's obligations affecting claims allowance, reinsurance collections and litigation management.

Address: 49 E. Midland Avenue
Paramus, NJ 07652

Phone: 201-261-8938

Fax: 201-262-0249

Email: deputy@iicil.org

Attorney: No

### Previous Employment

Company: **The Resolution Group (a subsidiary of Talegen & Crum & Forster)**

Position: Sr. VP, responsible for establishing financial, systems, and human resources functions for insurance run-off organizations as a result of restructuring plan approved by Insurance Departments of all fifty states.

### Credentials

Certified Public Accountant

### Principal Areas of Insurance/Reinsurance Experience

Financial (Insurance/Reinsurance); Commutation/Collection of Reinsurance; Allocation of Reinsurance.

### Other Information

Investment Income Chapter: Property-Liability Insurance Textbook, The College of Insurance

### Years of Experience

**Insurance Company:** 13

**Reinsurance Company:** 2

**Other:** Insolvency for 11 years

### Number of Arbitrations

As an Arbitrator: **24**

As an Umpire: **28**

### Completed Arbitrations (Award Issued)

As an Arbitrator: **12**

As an Umpire: **13**

1984; Mealey's Insurance Insolvency: "Receivership: A Generational Commitment or Expeditious Solution," June 1, 1996; Mealey's Insurance Insolvency: "Aggiornamento: A Tonic for Insolvencies", October 10, 1996; Mealey's Insurance Insolvency: "Truncation and Reinsurer Objections," May 7, 1997; Best's Review: What Am I Bid? - "An Endgame for Receiverships;" Mealey's Environmental Conference: "Insolvency Clause - "The Emperor's Old Clothes," November, 1997. Mealey's Litigation Reports: "Reinsurance; Alternatives to Estimation of Claims and Acceleration of Reinsurance Recoverables," May 6, 1999. Mealey's Insurance Insolvency Conference: "Early Closing of Insolvent Insurers." Outsourcing to Guarantee Associations, May 2-3, 1999. Mealey's Reinsurance: "Me Judice" (under nom de plume Pollux), March 17, 2005.

### Search Keywords

**Professional Background**

- Finance Department
- Active Insurance Company Officer
- Former Reinsurance Company Officer

**Insurance**

- Asbestos
- Audit
- Commercial Liability
- Commercial Property
- Commutations
- Environmental/Pollution
- Facultative
- Financial Guarantee
- Mergers & Acquisitions
- MGA/MGU
- Product Liability
- Receivership
- Retrospective Rating
- Third Party Administrator
- Treaty

**Reinsurance**

- Audit
- Facultative
- Financial Guarantee
- Product Liability

site by

Ecommerce Solutions, Shopping Cart Software, Web
Content Management, Internet Marketing