Scott R. Emery (SE-6293)
LYNCH DASKAL EMERY LLP
264 West 40th Street
New York, New York  10018
(212) 302-2400

Attorneys for Respondents Crum Staffing,
Inc., Crum Staffing II, Inc., Crum
Resources, Inc., and Crum Resources II,
Inc., d/b/a/ Crum Services, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In the Matter of the Application of NATIONAL :
UNION FIRE INSURANCE COMPANY OF            :
PITTSBURGH, PA, on behalf of itself and each :
of the related insurers that provided coverage to : 07 CV 3355 (LTS)
respondent,                                :
                                           :
                    Petitioner,            :
                                           :
For an Order Appointing an Arbitrator in an :
Arbitration Proceeding                     :
                                           :
              -against-                    :
                                           :
CRUM STAFFING, INC., CRUM STAFFING         :
II, INC., CRUM RESOURCES, INC., AND        :
CRUM RESOURCES II, INC., D/B/A/ CRUM       :
SERVICES, INC.,                            :
                                           :
                    Respondents.           :
-----------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO PETITIONER'S APPLICATION FOR THE APPOINTMENT OF A PARTY-ABRITRATOR

### Preliminary Statement

Petitioner asks this Court to remove the party-arbitrator Respondents Crum Staffing, Inc., Crum Staffing II, Inc., Crum Resources, Inc., and Crum Resources II, Inc., d/b/a/ Crum Services, Inc. (together, "Crum") selected and had every right to select and impose a new party-arbitrator

on Crum based on the allegation that Crum's current party-arbitrator, William D. Hager, is not qualified to serve under the arbitration clause at issue. Petitioner then recommends that the Court choose Crum's new arbitrator from the ARIAS-certified arbitrator panel list at http://www.arias-us.org. Petitioner's motion should be denied because (i) Mr. Hager is eminently qualified to serve as an arbitrator under the terms of the arbitration agreement and according to ARIAS, and Crum is entitled to have its own party-arbitrator, as Petitioner does; (ii) the parties previously agreed that applications regarding the appointment of arbitrators be made to the Supreme Court of the State of New York, County of New York, not this Court; and (iii) this Court cannot entertain an attack on the qualifications of Crum's party-arbitrator prior to the conclusion of the arbitration.

### Crum's Party-Arbitrator is Qualified to Serve

Were this Court to follow Petitioner's recommendation and search for an arbitrator from the ARIAS website meeting the criteria of "Insurance Company Officer" – "Former/Retired," Mr. Hager would be on the resulting list of ARIAS-certified qualified arbitrators. *See* Search for Arbitrators web pages from http://www.arias-us.org attached to the Declaration of Scott R. Emery in Opposition to Petitioner's Application for the Appointment of a Party-Arbitrator ("Emery Decl.") as Exhibit A. Thus, even ARIAS considers Mr. Hager to be a "former executive officer of property or casualty insurance or reinsurance companies" as allowed by the arbitration agreement *See id.*; *see also* Petition for Appointment of an Arbitrator dated April 26, 2007 ("Petition") at ¶ 12 and Ex. A at 8.[1]

---

[1] Petitioner's suggestion that the Court limit its search to the ARIAS Umpire list is not premised on any agreement between the parties or any other requirement. The sole issue before this Court is whether Mr. Hager is qualified to serve as Crum's party-appointed arbitrator.

Mr. Hager is, in fact, a highly qualified former insurance company officer and risk management official in the insurance, including workers' compensation insurance, industry. *See, e.g.,* Petition, Ex. A at 8 and Ex. F. For example, Mr. Hager served as Insurance Commissioner for the State of Iowa from 1986 to 1990 and chaired and served on numerous committees of the National Association of Insurance Commissioners during that same period. *See* Petition, Ex. F at 3-4. He was also the President and Chief Executive Officer of NCCI, "the nation's largest workers compensation and health care informatics corporation" serving, among others, hundreds of companies in the insurance industry. *Id.* at 2. Finally, he founded and is the President of Insurance Metrics Corporation, which, in addition to providing assistance in insurance disputes, is a company that consults on insurance issues. *See id.* at 1. In short, Mr. Hager has worked for insurance companies, is currently a risk management official in the insurance industry, and has extensive experience with the very type of insurance issues involved in the underlying litigation.

Furthermore, Petitioner's application is an attempt to gain an unfair advantage during the arbitration. As the applicable arbitration provisions make clear, both Petitioner and the Respondents are entitled to select their own party-arbitrators who will then select a third arbitrator. *See* Petition, Ex. A at 8. Petitioner would retain its party-arbitrator, have this Court remove Crum's party-arbitrator, and have a party-arbitrator and two non-party arbitrators preside over the arbitration proceedings and render a decision. At the very least, Crum should not lose its right to choose its own party-arbitrator, not to mention its right to a fair arbitration.

### **Petitioner Should Not Have Made Its Application to this Court**

The parties previously agreed that applications regarding the appointment of arbitrators be made "to a Justice of the Supreme Court of the State of New York, County of New York and

the Court will appoint the additional arbitrator or arbitrators." Petition, Ex. A at 8. The Court should, therefore, deny Petitioner's application as having been made to wrong Court.

### Petitioner's Application Should Be Denied as Premature

"[I]t is well established that a district court cannot entertain an attack upon the qualifications or partiality of arbitrators until after the conclusion of the arbitration and the rendition of an award." *Aviall, Inc. v. Ryder Systems, Inc.*, 110 F.3d 892, 895 (2d Cir. 1997) (quoting *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 n. 4 (2d Cir. 1980).[2] Notably, as discussed above, the parties agreed to make, in state court, applications involving the failure to appoint party-arbitrators and/or the inability of the two party-arbitrators to select and agree on a third arbitrator. *See* Petition, Ex. A at 8. The parties did not agree that disputes involving the <u>qualifications</u> of a party-arbitrator be raised before <u>any</u> court prior to the conclusion of the conclusion of the arbitration proceeding. *See id.* Accordingly, Petitioner's application should be denied as premature.

---

[2] Petioner, having had a similar application denied by this Court on this and other grounds, is well aware of this principle. *See National Union Fire Ins. Co. of Pittsburgh, PA v. Holt Cargo Systems, Inc.*, No. 99 Civ. 3699, 2000 WL328802 (S.D.N.Y. March 28, 2000), a copy of which is attached to the Emery Decl. as Exhibit B, at *2-3.

4

## Conclusion

For the foregoing reasons and the reasons, Respondents Crum Staffing, Inc., Crum Staffing II, Inc., Crum Resources, Inc., and Crum Resources II, Inc., d/b/a/ Crum Services, Inc. respectfully request that the Court deny Petitioner's application.

Dated: New York, New York
      May 9, 2007

                                Respectfully submitted,

                                LYNCH DASKAL EMERY LLP

                                By: Scott R. Emery (SE-6293)

                                264 West 40th Street
                                New York, New York 10018
                                (202) 302-2400

                                Attorneys for Respondents Crum Staffing, Inc., Crum Staffing II, Inc., Crum Resources, Inc., and Crum Resources II, Inc., d/b/a/ Crum Services, Inc.